**FILED**

**MARCH 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CAROL M. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No._____ |
| v. | ) | |
| | ) | |
| ILENE LARSON, JEANNE SHILTS, | ) | |
| And GL REHABILITATION | ) | |
| SERVICES, LTD., an Illinois | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**08 C 1373**

---

### NOTICE OF REMOVAL

---

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants hereby remove to this Court the state court action described below.

1.       On February 7, 2008, an action was commenced in the Circuit Court of Cook County, Illinois, Chancery Division, Carol M. Gordon v. Ilene Larson, Jeanne Shilts, and GL Rehabilitation Services, Ltd., as Case No. 08CH04859.

2.       Defendants Jeanne Shilts and GL Rehabilitation Services, Ltd. were served with a Summons and received a copy of Plaintiff's Complaint on February 9, 2008. Defendant Ilene Larson was served with a Summons and received a copy of Plaintiff's Complaint on February 16, 2008. This Notice is timely.

1

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE COLE**

3.      A copy of all process, pleadings and orders served upon Defendants in the state court action are attached hereto as Exhibit A.

4.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs for the following reasons:

(a)     Plaintiff states in paragraph 45 of the Complaint that Defendants claim Plaintiff owes them $169,575.70.  Plaintiff attaches Defendants' demand letter as Exhibit F to her Complaint, thereby acknowledging that there is a dispute between Plaintiff and Defendants as to $169,575.70 in outstanding liabilities pursuant to the Stock Purchase Agreement, a copy of which is attached as Exhibit A to Plaintiff's Complaint.

(b)     Plaintiff alleges in paragraph 57 that she is entitled to compensatory damages in the sum of at least $27,028.61.

(c)     Plaintiff alleges in paragraph 64 that she is entitled to compensatory damages in the sum of at least $3,500.00 for the conversion of a certain therapy equipment known as "Game Ready."

5.      Defendants are informed and believe that Plaintiff, Carol M. Gordon, was, and still is, a citizen of the State of Illinois. Defendants Jeanne Shilts and Ilene Larson were, at the time of

the filing of this action, and still are, citizens of the State of Wisconsin.  GL Rehabilitation Services, Ltd. has its principal, and only, place of business in the State of Wisconsin.

6.     The Complaint names GL Rehabilitation Services, Ltd. ("GL Rehabilitation"), an Illinois corporation, as a defendant.  The citizenship of GL Rehabilitation must be disregarded for purposes of determining jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441(b) on the ground that the joinder of said Defendant was "sham and fraudulent," done for the sole purpose of preventing removal.  Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).  For the reasons set forth below, there is no possibility that Plaintiff will be able to establish liability against the nondiverse Defendant, GL Rehabilitation.  Security Center, Inc. v. American Tel. & Tel. Co., 1995 WL 307267, *4 (N.D. Ill. 1995).

(a)     GL Rehabilitation Services, Ltd. ("GL Rehabilitation") was not a party to the Stock Purchase Agreement that provides the alleged basis for Plaintiff's claims.  A copy of the Stock Purchase Agreement is attached as Exhibit A to Plaintiff's Complaint.

(b)     GL Rehabilitation has "no real connection with the controversy," which is a dispute between a Seller (Gordon) and Buyers (Larson and Shilts), who entered into a Stock Purchase Agreement for the purchase of 100% of GL Rehabilitation's stock. Wilson, 257 U.S. at 96.

(c)     All of the allegations in Counts I, II, and III are directed at Defendants Larson and Shilts as Buyers under the Stock Purchase Agreement.

(d)     None of the Plaintiff's prayers for judgment under Counts I, II, or III seek relief from GL Rehabilitation.

(e)    The only count that includes allegations against Defendant GL Rehabilitation is Count IV, which alleges conversion of a certain piece of therapy equipment referred to as "Game Ready."

(f)    There is "no reasonable possibility that a state court would rule against the non-diverse defendant" as to Count IV because Plaintiff cannot establish the elements of conversion under Illinois law, and because Plaintiff signed a valid Release precluding her claim against GL Rehabilitation.  Poulos v. Naas Foods, 959 F.2d 69, 73 (7th Cir. 1992).

(g)    The Release signed by Plaintiff, attached to Plaintiff's Complaint as Exhibit B, released GL Rehabilitation from "any and all claims and liabilities of any nature" and precluded Plaintiff from bringing her conversion claim against GL Rehabilitation.

(h)    Plaintiff consulted with counsel concerning both the Release and Stock Purchase Agreement, and signed them knowingly and voluntarily.

(i)    To establish a claim for conversion, a plaintiff must establish that he or she (1) has a right to the property; (2) has an absolute and unconditional right to the immediate possession of the property; (3) made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property.  Film & Tape Works, Inc. v. Junetwenty Films, Inc., 368 Ill. App. 3d 462, 475, 856 N.E.2d 612, 623 (Ill. App. Ct. 2006).

(j)    Prior to the closing of the sale of GL Rehabilitation's stock on December 31, 2007 (the "Closing"), Plaintiff never asserted that GL Rehabilitation did not own Game Ready or that Plaintiff expected to receive it back after the stock purchase transaction.

(k)     Prior to the Closing, Plaintiff never demanded Game Ready, nor did Defendants refuse any request for its return.

(l)     Game Ready is an asset of GL Rehabilitation.  The Stock Purchase Agreement ("Agreement"), attached as Exhibit A to Plaintiff's Complaint, lists in Section 4 the specific items of property which Plaintiff, the Seller, was entitled to retain and which Buyers, Larson and Shilts, were not entitled to acquire in the sales transaction.  Game Ready was not listed as one of such assets excluded from the sale, and Plaintiff cannot establish that she has an absolute and unconditional right to Game Ready.

(m)     Given that Plaintiff signed a Release as to GL Rehabilitation, and that Plaintiff cannot establish that Game Ready is not an asset of GL Rehabilitation, there is no possibility that Plaintiff can state a cause of action against GL Rehabilitation in state court.  Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993).

(n)     GL Rehabilitation was joined as a defendant "solely for the purpose of defeating federal diversity jurisdiction."  Schwartz v. State Farm Mut. Auto. Ins. Co., 174 F.3d 875, 878 (7th Cir. 1999) (citing Gottlieb, 990 F.2d at 327).

(o)     Notwithstanding the foregoing, Defendants' counsel sent a letter to Plaintiff's counsel on February 27, 2008, indicating that Plaintiff could either pick up Game Ready at any time, or that Defendants would have it delivered to Plaintiff.  A copy of the letter is attached hereto as Exhibit B.  Accordingly, Plaintiff has no basis for maintaining a claim for conversion against GL Rehabilitation.

For the foregoing reasons, there is "no reasonable possibility that a state court would rule against the non-diverse defendant."  Poulos, 959 F.2d at 73.  This Court must disregard the fraudulently-joined party, GL Rehabilitation, in determining whether there is diversity of citizenship.

WHEREFORE, Defendants pray that this action be removed to the United States District Court for the Northern District of Illinois.

/s/Susan B. Parsons
Susan B. Parsons
(f/k/a Susan B. Gloss)
Attorney for Defendants Ilene Larson, Jeanne Shilts, and GL Rehabilitation Services, Ltd.
ARDC # 6282963
25 West Main Street, Suite 300
Madison, WI 53701
sparsons@stroudlaw.com
(608) 257-2281