**MOTION UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CAROL M. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 1373 |
| v. | ) | |
| | ) | Honorable Judge Joan B. Gottschall |
| ILENE LARSON, JEANNE SHILTS, and GL | ) | |
| REHABILITATION SERVICES, LTD., an Illinois | ) | JURY DEMANDED |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR REMAND TO THE CIRCUIT COURT PURSUANT TO
28 U.S.C. § 1447(c) AND OTHER APPLICABLE LAW**

The Plaintiff, CAROL M. GORDON, by her attorneys, Gregg Minkow and Max Kanter

of Hinshaw & Culbertson LLP, request an order remanding this cause of action to the Circuit

Court of Cook County, Illinois, where it was originally filed, for the reason that this Court lacks

subject matter jurisdiction to determine the controversy, such that the Notice of Removal filed by

the Defendants was wrongful, and in support of this motion states as follows:

**SUMMARY**

1.      Defendants filed a Notice of Removal from the state court, based upon alleged

diversity jurisdiction in this Court under 28 U.S.C. § 1332.  The Defendants all but admit, in

their Notice of Removal, that complete diversity between the Plaintiff and Defendants, which is

required in order to vest this Court with subject matter jurisdiction, is lacking.  However

Defendants argue that the lack of complete diversity should be disregarded due to the alleged

"fraudulent joinder" of the corporate Defendant, GL Rehabilitation Services, Ltd. ("GL

Rehabilitation").

2.      "Fraudulent joinder" is the joining of a same-state party solely to defeat federal

jurisdiction, or with no possibility of the plaintiff prevailing against the same-state party.

However, as the Seventh Circuit pointed out in a case cited by the Defendants (*Poulos v. Naas Foods*, 959 F.2d 69, 73 (7th Cir. 1992)), fraudulent joinder can only be found "when insubstantiality of the claim against the in-state defendant makes it easy to give judgment for the in-state plaintiff against the out-of-state defendant while sparing the in-state defendant." As the Court also stated, "An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder." *Id.* Indeed, "The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* (Emphasis in original.)

3.     That "heavy burden" cannot be met in this case. Contrary to Defendants' claim in its Notice of Removal, the relief which Plaintiff seeks under Counts I and II of her Complaint (for declaratory judgment and rescission) cannot be complete without the presence of GL Rehabilitation as a party bound by the determination of those actions for at least the following reasons:

a.     This case grows out of a sale to the individual Defendants of all the issued and outstanding stock in GL Rehabilitation. The effect of structuring the transaction as a stock sale, as opposed to an asset sale, was to maintain the status of GL Rehabilitation, and its ownership of all assets and liabilities. Count I seeks a declaration as to which corporate obligations of GL Rehabilitation are the responsibility of the Plaintiff. GL Rehabilitation is a necessary party to Count I, since all of the liabilities which the individual Defendants claim the Plaintiff must cover are liabilities of GL Rehabilitation, and not the individual Defendants.

b.     Count II seeks rescission or a finding of unenforceability with respect to a purported Release running in favor of all the Defendants, including GL Rehabilitation. In order

2

for it to be clear that GL Rehabilitation is bound by any judgment of the kind sought in Count II, it should be a party to this action.

4.      Count IV of the Complaint also seeks relief from GL Rehabilitation for conversion of certain equipment known as a "Game Ready." Defendants' offer to return the Game Ready, the use of which Plaintiff loaned to GL Rehabilitation, comes long after Plaintiff demanded its return, and Plaintiff may, instead, choose to pursue the alternative remedy of damages for conversion (as is her right). However, for the reasons set forth herein, there is no "fraudulent joinder," and this Court lacks subject matter jurisdiction, regardless of whether an accord is reached on Count IV.

## PARTICULAR FACTS, LAW, AND ARGUMENT

5.      Plaintiff filed her Complaint in the Circuit Court of Cook County, Illinois on February 7, 2008. A copy is attached hereto as Ex. A.

6.      Defendants filed their Notice of Removal in this Court on March 7, 2008. A copy is attached hereto as Ex. B.

7.      The removing party has the burden of establishing federal jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006). Moreover, "It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Authority v. Union Switch and Signal Division*, 809 F.2d 1006, 1010 (3d Cir. 1987).

8.      In deciding a motion to remand, the Court "must look to [Plaintiffs'] state complaint to determine whether the removal was proper." *McElroy v. SOS International, Inc.,* 730 F.Supp. 803, 806 (N.D. Ill., 1989). For purposes of deciding the motion, the allegations of

6302397v1 885509

the Complaint must ordinarily be taken as true.  *Keenan v. Unum Provident Corp.*, 252 F.Supp.2d 163, 166 (E.D. Pa. 2003).

9.      In this case, the Complaint alleges that Defendant GL Rehabilitation Services, Ltd. ("GL Rehabilitation") is a corporation organized under the laws of the State of Illinois, with a registered agent located in Cook County, Illinois.  Ex. A, ¶ 5.  See, also, "Corporation File Detail Report" on GL Rehabilitation Services, Ltd., published by the Secretary of State of Illinois, attached as Ex. C.

10.      By virtue of being incorporated in Illinois, GL Rehabilitation Services, Ltd. is a citizen of Illinois for purposes of determining diversity of citizenship and the presence of jurisdiction.  28 U.S.C. § 1332(c)(1).

11.      The Plaintiff, Carol M. Gordon, is also a citizen of the State of Illinois, since she resides there with the intention of remaining there indefinitely.  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  See Ex. A, ¶ 3, and Affidavit of Carol M. Gordon, attached hereto as Ex. D.

12.      "[F]ederal diversity jurisdiction … requires of course that the parties to a case be of diverse state citizenship, that is, *no plaintiff may be a citizen of the same state as any defendant …* ."  *Lyerla v. Amco Insurance Co.,* 461 F.Supp.2d 834, 835 (S.D. Ill., 2006) (emphasis added).  See, also, 28 U.S.C. § 1332(a).

13.      Since the Plaintiff and Defendant GL Rehabilitation Services, Ltd. are both citizens of Illinois, complete diversity of citizenship between the Plaintiff and all Defendants does not exist.  Consequently, the U.S. District Court does not have subject matter jurisdiction over the causes of action asserted in the Complaint on the basis of diversity.

6302397v1 885509

14.    The Complaint does not assert any federal question.  Consequently, in the absence of complete diversity, the U.S. District Court lacks subject matter jurisdiction of the present dispute altogether.  Any determination the Court would make in the case would be void and unenforceable by or against the parties.

15.    Defendants acknowledge that complete diversity between the Plaintiff and the named Defendants does not exist.  See Defendants' Notice of Removal (Ex. B hereto), at ¶ 5. However, they claim that the citizenship of Defendant GL Rehabilitation Services, Ltd. should be "disregarded" (¶ 6), on grounds that GL Rehabilitation has "no real connection with the controversy" (¶ 6[b]), and that "All of the allegations in Counts I, II, and III are directed at Defendants Larson and Shilts as Buyers under the Stock Purchase Agreement" (by which Larson and Shilts bought all the stock of GL Rehabilitation) (¶ 6[c]).

16.    Contrary to the allegations appearing in Defendants' Notice of Removal, GL Rehabilitation is in fact a party with a stake in the controversy and against whom relief is sought – indeed, a necessary party – under Counts I and II, as well as Count IV, of the Plaintiff's Complaint.

17.    By way of example, Count I arises out of a claim by Defendants Larson and Shilts that the Plaintiff failed to pay what the Defendants' lawyer has referred to as "financial obligations and liabilities of GL Rehabilitation Services, Ltd.," including payroll taxes, amounts allegedly owed to vendors for corporate purchases, amounts allegedly owed to corporate employees for expenses, and alleged overdrafts on a corporate bank account at Midwest Bank. See Complaint (Ex. A hereto), at Ex. F thereof (letter from Defendants' counsel to Plaintiff).

18.    Count I seeks a determination as to which of the "GL liabilities" (if any) are in fact owed by the Plaintiff, and need to be reimbursed to the corporate account.  See Ex. A, at pp.

6302397v1 885509

3-11, ¶¶ 16-48.  If the corporation is not a party to the declaration sought in Count I, then regardless of whatever success Plaintiff might achieve at trial, GL Rehabilitation – as an independent legal person – will be in a position to claim that it is not bound by the judgment, but rather, is entitled to relitigate the same issues a second time, on its own behalf.

19.    In order to prevent multiple trials and potentially inconsistent results, all potential claimants who might seek reimbursement from the Plaintiff to cover GL Rehabilitation's liabilities – the individual Defendants who own GL Rehabilitation, and the corporation itself – should properly be represented and joined in the trial of the issues under Count I, and bound by the result.  Indeed, if the case were originally filed in the District Court, FRCP 19(a)(1) and FRCP 19(a)(2)(ii) would require that GL Rehabilitation be joined in Count I.

20.    Similarly, Count II of the Complaint seeks rescission of a purported Release, running to GL Rehabilitation as well as the individual Defendants, on grounds of fraud.  See Complaint, attached as Ex. A, at pp. 12-13.  (See Complaint (Ex. A), at Ex. B thereto.)  The alleged fraud includes unauthorized expenditures from the corporate account, as well as diversion from the corporate account of pre-closing revenues by the individual Defendants (who were corporate employees before they bought the corporate stock).   Ex. A, ¶¶ 19-28 and 51-53.  This is alleged to have reduced the amount available for Plaintiff from the corporate account at closing, since the Stock Purchase Agreement provided for Plaintiff to receive all cash on hand and net accounts receivable.  See Ex. A, ¶ 19.

21.    If the purported Release falls, then Plaintiff is entitled to the net positive cash balance which the corporate account should have contained at closing.  Such cash may now exist in the corporate account, and in order for Plaintiff to be able to recover it, corporation should be a party to Count II.

6302397v1 885509

22.     Moreover, since both of the individual Defendants were and are corporate employees, their actions to surreptitiously drain the bank account in advance of the expected closing of the stock sale – so as to cover alleged corporate expenses at Plaintiff's cost – may subject GL Rehabilitation to liability, under the principle of *respondeat superior,* based on a principal-agent relationship with the individual Defendants.   If the purported Release were rescinded or held unenforceable only as to the individual Defendants, but not GL Rehabilitation, then any recovery based upon wrongdoing by the individual Defendants might still be beyond the reach of the Plaintiff.

23.     The Defendants would have the Court ignore the stake of GL Rehabilitation in the parties' dispute on the further theory that GL Rehabilitation is only implicated in Count IV of the Complaint (not true), and that the Plaintiff cannot possibly prevail against GL Rehabilitation on Count IV precisely because of the purported Release.   See Ex. B, at pp. 4-5, ¶¶ 6(e)-6(m). However, this argument is both circular and illogical, by claiming that no relief is available under Count IV because of the Release, while at the same time denying that GL Rehabilitation is a proper party to Count II which seeks to determine the enforceability of the Release.

24.     Moreover, Defendants' argument ignores the fact that under the controlling law – that of Illinois – a release may be set aside, even on the basis of parole evidence, when it is procured by fraud.  See *Carlisle v. Snap-On Tools,* 271 Ill.App.3d 833, 838-839 (4th Dist. 1995). In that regard, Count II alleges that the individual Defendants made written representations and warranties in the Stock Purchase Agreement which they knew were false at the time they made them, and which, under ¶ 15 of the Agreement, were to survive closing.  (See Ex. A, at Ex. A thereof, p. 6.)  Plaintiff alleges that she would never have given the Release had she known the representations were false.  Ex. A, ¶ 54.

7

25.    In addition, a release can only be enforced as to the matters it was intended to release.  *Carlile, Id.,* at 271 Ill.App.3d 838-9 ("[N]o form of words, no matter how all encompassing, will foreclose scrutiny of a release [citation] or prevent a reviewing court from inquiring into surrounding circumstances to ascertain whether it was fairly made and accurately reflected the intention of the parties.").  The Release in question was introduced for the first time at closing, and was not reviewed by any attorney for the Plaintiff.  See Gordon Affidavit, attached hereto as Ex. D.  In light of ¶ 15 of the Agreement, providing for the survival of warranties and representations, it is hard to imagine how the Release could have been intended to relieve the Defendants of liability for breaching those very same warranties and representations.  It is also hard to imagine what consideration was given for the Release under these circumstances, without which it is unenforceable (*see Gavery v. McMahon & Elliott,* 283 Ill.App.3d 484, 489 (1st Dist. 1996) ("A release must be based upon consideration which consists either of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss of responsibility given, suffered or undertaken by the other.  The preexisting duty rule provides that where a party does what it is already legally obligated to do, there is no consideration because there is no detriment.").[1]

26.    For the above reasons, if the allegations of Count II of the Complaint are proved, a cause of action exists under the law to rescind, or at least to treat as unenforceable, the Release in question.

27.    In the instant case, the Plaintiff alleges that based upon the language of the Stock Purchase Agreement with the individual Defendants, as well as the timing of various

---

[1]  In deciding whether to enforce a purported release, courts explicitly take into account whether the release recited the facts upon which it was based (the release in this case did not), and whether the party signing the release had the benefit of legal counsel when he or she signed it (in this case, the Plaintiff did not).  *Gavery, Id.,* at 283 Ill.App.3d 488.

8

expenditures, the Plaintiff does not owe various of the "GL liabilities" alleged by the Defendants. There are a myriad of fact questions that would have to be decided before any court could determine the merits of either the breach of contract claim (Count I) or the claim seeking to vacate the purported Release (Count II).  If all are resolved in favor of the Plaintiff, there is no question that GL Rehabilitation is a proper defendant on Counts I and II, as well as Count IV, and that joining it was not a "sham."

28.    What is really at issue presently is which court will make those factual determinations.  Since it cannot be said that it is impossible to state a cause of action against GL Rehabilitation as a matter of law under Counts I, II, or IV of the Complaint, and since there is not complete diversity of citizenship, it is the Circuit Court of Cook County which must make the factual determinations which go to the merits of the case, and the case should be remanded to the Circuit Court for that purpose.

29.    The amounts that the Plaintiff owes or does not owe for the benefit of GL Rehabilitation, to relieve the corporation of its liabilities to third parties, needs to be determined (Count I), regardless of whether there is a rescission of the purported Release (Count II), and whether or not the Plaintiff accepts the return of the property which is the subject of Count IV (sounding in conversion).

30.    This motion is brought in a timely fashion, as a Motion for Remand may be brought at any time under 28 U.S.C. § 1447(c) based upon the District Court lacking subject matter jurisdiction.  In any event, however, this motion is brought within the 30-day period permitted for motions seeking remand on grounds other than lack of subject matter jurisdiction.

31.    The Plaintiff's counsel pointed out to Defendants' attorney, well before the Defendants filed their Notice of Removal, that removal in this case was unwarranted.  See Ex. E

6302397v1 885509

(letter faxed to Defendants' attorney on March 3, 2008). 28 U.S.C. § 1447(c) provides in part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Since (i) the facts precluding removal appeared on the face of the Complaint; (ii) the Defendants had to distort the Complaint, in ¶ 6 of their Notice of Removal, to try to justify that attempted removal; and (iii) the Defendants were warned in advance against improperly seeking removal, an award of attorneys' fees and costs is warranted.

32.    Concurrently with her prayer for remand, Plaintiff also seeks an order extending, until determination of remand, the obligation on her part to file an answer and affirmative defenses to the Counterclaim filed in this cause by the Defendants on March 10, 2008. Ordinarily, an answer would be due on March 31, 2008 (20 days after the filing of the Counterclaim, with a carryover to the next court day), thus making it due prior to the Plaintiff's Motion for Remand (which would not be due under any circumstance prior to April 6, 2008). Plaintiff has been diligent in preparing an answer and affirmative defenses, and her draft thereof is attached hereto as Ex. F. However, cases such as *Kreigh v. Westinghouse, Church, Kerr & Co.*, 214 US 249 (1909), at 214 US 252-253, create uncertainty as to whether the filing of an answer to the Counterclaim would comprises a waiver of the right to remand.[2]  Rather than risk committing a waiver of its right to remand, Plaintiff therefore seeks, in addition to remand, an order extending the time to file her Answer and Affirmative Defenses until after determination of her prayer for remand, in which case, if the remand is denied, the filing would take place in the present case. Defendants' counsel has said he is agreeable to such an extension.

---

[2]  "In that state of the record the defect as to the jurisdiction being simply as to the District to which the suit was removed, the parties being citizens of different states, the objection as to the jurisdiction might be, and in our opinion, was, waived, by making up the issues on the merits without objection as to the jurisdiction of the Court." 214 US, at 252-253.

6302397v1 885509

WHEREFORE, the Plaintiff, Carolyn M. Gordon, prays for an order remanding this case to the Circuit Court of Cook County, Illinois; awarding her reasonable attorneys' fees and costs from the Defendants; and extending, without prejudice to the request for remand and until after determination of the request for remand, the time within which Plaintiff may file her Answer and Affirmative Defenses to the Counterclaim filed herein by the Defendants.

March 31, 2008                            CAROL M. GORDON, Plaintiff

                                          By:  s/ Gregg I. Minkow
                                                    One of her Attorneys

Gregg I. Minkow
Max J. Kanter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL  60601-1081
(312) 704-3000
Atty. #6181058
gminkow@hinshawlaw.com