# EXHIBIT C



| SERVICES | PROGRAMS | PRESS | PUBLICATIONS | DEPARTMENTS | CONTACT |

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | GL REHABILITATION SERVICES, LTD. | **File Number** | 62389362 |
| **Status** | GOODSTANDING | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 08/14/2002 | **State** | ILLINOIS |
| **Agent Name** | GINSPARG, BOLTON & ASSOCIATES | **Agent Change Date** | 08/01/2003 |
| **Agent Street Address** | 79 W MONROE ST STE 1119 | **President Name & Address** | CAROL MAE GORDON, PH.D., P.T.OSC, 143 BERNICE ST BENSENVILLE |
| **Agent City** | CHICAGO | **Secretary Name & Address** | ILENE LARSON, SAME |
| **Agent Zip** | 60603 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 08/30/2007 | **For Year** | 2007 |
| **Old Corp Name** | 05/10/2005 - GL HEALTHCARE SERVICES, LTD. | | |

**Return to the Search Screen**       

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



EXHIBIT C
to Plaintiff's
Motion to Remand

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL M. GORDON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08 C 1373 |
| ILENE LARSON, JEANNE SHILTS, and GL REHABILITATION SERVICES, LTD., an Illinois Corporation, | ) Honorable Judge Joan Gottschall ) ) JURY DEMANDED |
| Defendants. | ) |

### AFFIDAVIT OF CAROL M. GORDON IN SUPPORT OF MOTION FOR REMAND

The undersigned, Carol M. Gordon, states as follows:

1. I am the Plaintiff in the above-captioned lawsuit.

2. I reside at 2336 N. Commonwealth, Chicago, Illinois, and have resided there for the past 34 years.

3. I have resided in the State of Illinois since August, 1974. I intend to reside there indefinitely.

4. The first time I saw the purported "Release" attached as Ex. B to my Complaint filed in Case No. 08 CH 04859 in the Circuit Court of Cook County, Illinois, was at the closing of the sale under the Stock Purchase Agreement attached as Ex. A. to that Complaint. The Release was among other papers which Ilene Larson and Jeanne Shilts gave me to sign at the closing. I believe that I signed the Release at that time. I had seen the Stock Purchase Agreement prior to the closing. There was no attorney with me at the closing or at any other time to review the Release, or to advise me that the Release or any other documents were added to the closing in addition to the Stock Purchase Agreement.



EXHIBIT
D
to Plaintiff's
Motion to Remand

5. The bank account which is the subject of my Complaint, and which the Defendants claim was overdrawn due to my alleged conduct, was titled in the name of GL Rehabilitation Services, Ltd. (or its prior name, GL Healthcare, Ltd.) continuously since 2003 until at least the aforesaid closing (which occurred on January 10, 2008).

6. Except as stated otherwise above, Affiant has personal knowledge that the foregoing statements are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2008.

_____
Carol M. Gordon

Gregg Minkow
Max Kantor
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
ARDC No.: 6181058
E-mail: gminkow@hinshawlaw.com
E-mail: mkanter@hinshawlaw.com

2

# EXHIBIT E



# HINSHAW
& CULBERTSON LLP

March 3, 2008

**ATTORNEYS AT LAW**
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081

312-704-3000
312-704-3001 (fax)
www.hinshawlaw.com

**VIA FACSIMILE AND REGULAR MAIL**

Susan B. Parsons
Stroud, Willink & Howard, LLC
25 West Main Street, Suite 300
P.O. Box 2236
Madison, WI 53701-2236

    Re:   *Carol M. Gordon v. Ilene Larson, et al.*; Case No. 08 CH 04859
           Response to your Letter of February 27, 2008

Dear Ms. Parsons:

    In response to your letter of February 27, 2008, which we received today, GL Rehabilitation was not named for purposes of a "sham" in order to either create or defeat jurisdiction in any court. You stated, "Plaintiff has never before claimed, until the initiation of this action, that GL Rehabilitation Services, Ltd. . . . did not own Game Ready or that Plaintiff expected to receive it back ... ." However, enclosed is a written demand – faxed by the Plaintiff to your client, Ilene Larson, before the commencement of this suit – seeking, precisely, the return of the Game Ready equipment.

    This written demand is referenced at p. 14 of our Complaint, and therefore should not come as a surprise to you. Unfortunately, your most recent letter merely continues the pattern of reckless and unfounded allegations by your firm, apparently made in an effort to intimidate our client. Our client is not intimidated; neither are we.

    We will communicate to Ms. Gordon your offer to return the equipment. The offer is tardy, and Ms. Gordon may, instead, choose to pursue the alternative remedy of damages for conversion (as is her right). We will let you know.

    In addition, please note that the relief which Ms. Gordon seeks under Counts I and II of her Complaint (for declaratory judgment and rescission) cannot be complete without the presence of GL Rehabilitation as a party bound by the determination of those actions. Consequently, even if the Game Ready were returned, and even if that were deemed a satisfactory resolution of Count IV, we could not agree to a dismissal of all claims relating to GL Rehabilitation. Your threat to pursue sanctions is unwarranted and frivolous.



EXHIBIT E to Plaintiff's Motion to Remand

6290066v1 885509

Arizona  California  Florida  Illinois  Indiana  Massachusetts  Minnesota  Missouri  New York  Oregon  Rhode Island  Wisconsin

Susan B. Parsons
March 3, 2008
Page 2

    I am available to discuss possible means for resolving the dispute between our clients, in a manner that is fair, and which does not waste their resources unnecessarily on further attorneys' fees. I look forward to hearing from you.

Very truly yours,

HINSHAW & CULBERTSON LLP

Gregg I. Minkow
312-704-3955
gminkow@hinshawlaw.com

GIM/nmb
cc:    Carol Gordon
       Max Kanter

6290066v1 885509

1/7/08

Ilene —

If you are not going to give us our 12/28 checks (not sure that's the date — but last check in year), you must have our 1099's redone as they are incorrect.

Lynn - Provider Srv - gave me a list (long) of checks that were obviously mishandled by the staff & never made it to me. As she had to try to track them down and they then will not be paid until 2008 — that income is mine as well — will Sue. amount to you — around $1200.

I'd spoken to you many times re: staff being careful c checks & getting them to me in a timely manner. I had noted a lack of checks being sent lately.

Also, the Game Ready is mine. Please send. I loaned it to GL and I do need it here.

Carol

Fax:312-704-3002

## ** Transmit Conf. Report **

P.1                                                                                                        Mar  3 2008  17:46

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 916082577643#3629 | NORMAL | 3,17:46 | 1'46" | 4 | O K | |



# HINSHAW
& CULBERTSON LLP

**ATTORNEYS AT LAW**
222 N. LaSalle, Suite 300
Chicago, IL 60601

T 312-704-3000
F 312-704-3001
www.hinshawlaw.com

January 8, 2008

## PERSONAL & CONFIDENTIAL

### FACSIMILE TRANSMISSION

TO:                          COMPANY:                      FAX NO.:            PHONE NO.:

Susan B. Parsons             Stroud, Willink & Howard,     608-257-7643
                             LLC

FROM:   Gregg I. Minkow                          USER ID:   1196

MATTER NAME:   Gordon v. Larson, et al.          MATTER NO.:   08 CH 4859

NO. OF PAGES (including this Cover):   4      SENDING OPERATOR:

RETURN TO: (other than above)

Sent by Office Services:  312-704-3340

COMMENTS, IF ANY:

Please see attached correspondence.