# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROL M. GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 08 C 1373 |
| | ) Judge Gottschall |
| ILENE LARSON, JEANNE SHILTS, | ) |
| And GL REHABILITATION | ) |
| SERVICES, LTD., an Illinois Corporation | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO DEFENDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIMS[1]

Plaintiff, Carol M. Gordon, by her attorneys, Greg Minkow and Max Kanter of Hinshaw & Culbertson LLP, for her Answer to Defendants' Affirmative Defenses and Counterclaims, states as follows:

## DEFENDANTS' COUNTERCLAIM #1 - BREACH OF CONTRACT

86. On or about December 31, 2007, Defendants entered into a certain Stock Purchase Agreement ("Agreement") with Plaintiff, a copy of which was attached to Plaintiff's Complaint as Exhibit A.

**ANSWER:** Plaintiff admits the allegations contained in Paragraph 86.

87. Pursuant to the Agreement, Plaintiff sold to Defendants one thousand (1,000) shares of GL Rehabilitation's stock (hereinafter the "Shares"), which represented all of the issued and outstanding shares of GL Rehabilitation's stock.

**ANSWER:** Plaintiff admits the allegations contained in Paragraph 87, insofar as "Defendants" means Ilene Larson and Jeanne Shilts. Plaintiff denies that GL Rehabilitation, Ltd. purchased its own stock from Plaintiff.

---

[1] Defendants begin their Counterclaim #2 by incorporating their Affirmative Defenses. Therefore, Plaintiff has Answered those affirmative defenses as part of this pleading beginning on page 4.

1

88. Pursuant to Sections 6 and 9 of the Agreement, Plaintiff agreed to be responsible for payment and satisfaction of all financial obligations and liabilities of GL Rehabilitation that arose or were incurred prior to the closing date of January 1, 2008 ("Closing "), except for the salaries and wages of GL Rehabilitation's employees arising after December 28, 2007.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 88. Sections 6 and 9 of the Agreement speak for themselves, and must be read in connection with other provisions of the Agreement.

89. Plaintiff has failed to pay for $169,575.70 worth of GL Rehabilitation liabilities incurred and outstanding as of the Closing, in breach of Sections 6 and 9 the Stock Purchase Agreement.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 89, and further denies that she is responsible for $169,575.70 in GL Rehabilitation liabilities.

90. Defendants' counsel sent a letter to Plaintiff on January 28, 2008, detailing the outstanding liabilities owed to Defendants by Plaintiff pursuant to the Agreement. A copy of the letter and accompanying spreadsheet was attached as Exhibit F to Plaintiff's Complaint.

**ANSWER:** Plaintiff admits that she received the letter referred to in Paragraph 90, but denies the allegations as to her liabilities contained in that letter, and denies the remaining allegations of Paragraph 90.

91. Since that letter was sent, Defendants have learned that Plaintiff has retained Medicare checks issued to GL Rehabilitation subsequent to the Closing date for services rendered in the amount of approximately $2,400.00, in further breach of the Stock Purchase Agreement.

2

6302072_1_885509

**ANSWER:**  Plaintiff denies the allegations contained in Paragraph 91.  Plaintiff further states that Medicare payments are sent to GL Rehabilitation, Ltd. electronically by the payor.

92.  Plaintiff also breached Section 4(c) and Section 8 of the Agreement by writing checks prior to Closing when there were insufficient funds in the Corporation's account to cover the checks, and by making withdrawals out of the Corporation's account after January 1, 2008.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 86.

93.  Plaintiff's withdrawal and spending of funds resulted in an overdraft of GL Rehabilitation's account with Midwest Bank.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 93.

94. Plaintiff never provided Defendants Larson and Shilts with any information regarding the status of the Corporation's bank account prior to Closing, in breach of Plaintiff's obligation pursuant to Section 11 of the Agreement to make such information available to Defendants.

**ANSWER:**  Plaintiff denies the allegations contained in Paragraph 94.

95. Plaintiff failed to disclose the liabilities she incurred on behalf of the Corporation in the form of overdraft checks, in violation of Section 14 of the Agreement.

**ANSWER:**  Plaintiff denies the allegations contained in Paragraph 95, and denies further that she knew of any overdrafts as of the last time she wrote checks on the account in question.

96. Plaintiff failed to disclose two liens against the Corporation, one against the Corporation's $100,000 line of credit with Midwest Bank and another, lien number 010099404 filed by VGM Financial Services, against equipment leased by the Corporation (collectively, the "Liens"), in violation of Section 14 of the Agreement.

**ANSWER:**  Plaintiff denies the allegations contained in Paragraph 96 with respect to the GL Rehabilitation, Ltd.'s line of credit with Midwest Bank.  With respect to lien number 010099404,

Plaintiff denies that a valid lien existed at the time of the sale, and further states that this lien was for equipment which was fully paid many months prior to the sale of the Company, and the lien itself was since released once VGM Financial Services realized its error.

97. Plaintiff failed to turn over the Corporation's records to Defendants after the Closing, in violation of Section 12 of the Agreement.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 97.

98. Defendants have performed all of their obligations under the Agreement.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 98. In further response thereto, Plaintiff incorporates herein by this reference paragraphs 20-33, and 36-37 of Plaintiff's Complaint.

99. Plaintiff's breach of the Agreement has caused Defendants to suffer monetary damages in the amount of at least $171,975.70.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 99.


## DEFENDANTS' COUNTERCLAIM #2 - BREACH OF EXPRESS WARRANTY

65. As an affirmative defense to Plaintiff's allegations of conversion, Defendants assert that Game Ready is an asset of GL Rehabilitation.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 65.

66. The Stock Purchase Agreement, attached as Exhibit A to Plaintiff's Complaint, lists in Section 4 the specific items of property which Plaintiff, the Seller, was entitled to retain and which Buyers, Larson and Shilts, were not entitled to acquire in the sales transaction.

6302072_1_885509

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 66, and further states that Section 4 of the Agreement only makes reference to property of GL Rehabilitation, Ltd. to be turned over to Plaintiff, whereas the Game Ready was never property of GL Rehabilitation, Ltd.

67. Game Ready was not listed in Section 4 as one of the assets excluded from the sale, and Plaintiff cannot establish that she has an absolute and unconditional right to Game Ready, nor that Defendants converted Game Ready.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 67. Also, see Plaintiff's answer to Paragraph 66 above.

68. Notwithstanding the foregoing, Defendants' counsel sent a letter to Plaintiff's counsel on February 27, 2008, indicating that Plaintiff could either pick up Game Ready at any time, or that Defendants would have it delivered to Plaintiff. See Exhibit G.

**ANSWER:** Plaintiff admits the allegations contained in Paragraph 68.

69. Plaintiff signed a valid Release, by which she released GL Rehabilitation from "any and all claims and liabilities of any nature." See Exhibit B to Plaintiff's Complaint.

**ANSWER:** Plaintiff admits that she believes she signed Exhibit B, but denies the remaining allegations contained in Paragraph 69.

70. In Count IV, Plaintiff has failed to state a claim upon which relief may be granted.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 70.

## DEFENDANTS' SECOND AFFIRMATIVE DEFENSE - ESTOPPEL

71. Plaintiff misrepresented in the Agreement that she owned all of the Corporation's assets free and clear of liabilities when, in fact, two Liens existed against the Corporation's assets.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 71.

5

72. Plaintiff misrepresented the Corporation's financial condition when she warranted in Section 7 of the Agreement that the Corporation's Balance Sheet as of September 30, 2007, was accurate.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 72.

73. Plaintiff concealed material facts from Defendants concerning the Corporation's financial condition.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 73.

74. Plaintiff made these representations regarding the Corporation's assets and financial condition with knowledge that they were untrue.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 74, and Plaintiff further denies that she made any misrepresentations with or without knowledge of their alleged untruth.

75. Plaintiff intended or reasonably expected that Defendants would act in reliance upon her representations.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 75.

76. Defendants did not know when they entered the Agreement that Plaintiff's representations regarding the Corporation's assets and financial condition were untrue.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 76, and further denies that Plaintiff's representations were untrue.

77. Defendants justifiably and in good faith relied upon Plaintiff's misrepresentations to their detriment when Defendants negotiated and executed the Agreement.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 77.

78. Defendants will be further prejudiced by their reliance upon Plaintiff's misrepresentations if Plaintiff is allowed to pursue the claims in Counts I-IV against Defendants.

6302072_1_885509

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 78.

79. Plaintiff is therefore equitably estopped from asserting the claims in Counts I-IV against Defendants.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 79.

### DEFENDANTS' THIRD AFFIRMATIVE DEFENSE – UNCLEAN HANDS

80. Plaintiff's acted in bad faith with respect to the stock sale when she made misrepresentations and omissions of material fact to induce Defendants to enter to Agreement, then failed to perform her obligations under the agreement.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 80.

81. The doctrine of unclean hands precludes Plaintiff from taking advantage of her own wrongs with respect to the stock sale, and bars her from receiving any relief from this Court regarding that transaction.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 81.

### DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE - WAIVER AND RELEASE

82. Plaintiff knowingly and willingly relinquished her right to recover from Defendants when she signed the Release, which is clear and unambiguous. A copy of the Release was attached as Exhibit B to Plaintiff's Complaint.

**ANSWER:** Plaintiff admits the purported Release is attached as Exhibit B. Plaintiff denies the remaining allegations contained in Paragraph 82.

83. Plaintiff waived and released her right to pursue any claim or liability of any nature against Defendants; therefore, her claims under Count I-IV are barred.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 83.

### DEFENDANTS' FOURTH (SIC) AFFIRMATIVE DEFENSE - PAROL EVIDENCE

6302072_1_885509

84. Section 17 of the Agreement states, "This Agreement constitutes the entire agreement between the Parties and supersedes any prior agreement or understanding."

**ANSWER:**   Plaintiff admits that the language in Paragraph 84 appears in the Agreement. Plaintiff denies any remaining allegations contained in Paragraph 84.

85. To the extent that Plaintiff's claims rely on extrinsic evidence outside the four corners of the Agreement, such claims are barred by the parole evidence rule.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 85

100. Defendants restate and reallege Paragraphs 65 through 99 as though fully set forth herein.

**ANSWER:**   Plaintiff restates her answers to Paragraphs 65 though 99, as though fully set forth herein.

101. In paragraph 1 of the Agreement, Plaintiff represented that she owned all shares of the Corporation free and clear of any encumbrances.

**ANSWER:**   Plaintiff admits the allegations contained in Paragraph 101.

102. Plaintiff expressly warranted in Paragraph 13 of the Agreement that the Corporation was in good standing, that she had no knowledge of any claims or liabilities not previously disclosed, and that she had made no material changes to or incurred any liability with respect to the Corporation except as provided in the Agreement.

**ANSWER:** Plaintiff admits the allegations contained in Paragraph 102.

103. Plaintiff expressly warranted in Section 7 of the Agreement that the Corporation's Balance Sheet as of September 30, 2007, was accurate.

6302072_1_885509

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 103. Plaintiff further states that the warranty contained in Section 7 of the Agreement was expressly limited by the qualifier "to the best of Seller's knowledge and belief."

104. Plaintiff expressly warranted in Section 1 of the Agreement that she owned all of the Corporation's shares "free and clear of any security interest, lien, encumbrance or claim of any other person or entity."

**ANSWER:** Plaintiff admits the allegations contained in Paragraph 104.

105. Shortly after Closing, Defendants discovered that the Corporation's bank account at Midwest Bank was in overdraft condition, and that there were two Liens against the Corporation's assets.

**ANSWER:** Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Paragraph 105, as they involve the state of knowledge of other parties and not of the Plaintiff. Plaintiff therefore denies the allegations of Paragraph 105.

106. Plaintiff's failure to disclose information to Defendants regarding the Liens and the state of the Corporation's account at Midwest Bank constitutes a breach of the express warranties Plaintiff made in the Agreement.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 106.

107. As of the date of this Complaint, the lien against the line of credit at Midwest Bank has been satisfied, but Plaintiff has not yet satisfied and released lien number 010099404.

**ANSWER:** Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Midwest Bank account in the Paragraph 107, since she has no knowledge of there having ever been a lien as described. Plaintiff therefore denies those

6302072_1_885509

allegations, as well as the remaining allegations of Paragraph 107. Plaintiff further states that lien number 010099404 has been released, as was stated in Plaintiff's Answer to Paragraph 96.

The following are pled as either affirmative defenses or as other affirmative matter as to which the burden of proof remains with the Counter-Plaintiffs, as the law requires:

## AFFIRMATIVE MATTER

### Affirmative Defense #1 – Payment

1.    Plaintiff previously filed a Complaint for Declaratory Relief on February 7, 2008 in the Circuit Court of Cook County, Illinois, as case number 08 CH 04859, which was subsequently removed by Defendants to this Court.

2.    In her Complaint, Plaintiff seeks a declaration of amounts owed, if any, pursuant to the Agreement.

3.    Plaintiff's claims in the Complaint that she has paid, or is not responsible for, many of the items referred to in Defendants' Counterclaims.

4.    Paragraphs 16-48 of Plaintiff's Complaint are incorporated herein by this reference as if set forth fully herein, and bar recovery by Defendants.

### Affirmative Defense #2 - Estoppel by Fraud

1.    Defendants Larson and Shilts withheld payroll statements, along with alleged employee claims for expense reimbursement, and information on other unauthorized expenditures, from Plaintiff prior to and at the closing of the stock sale of the Corporation.

2.    Any shortfall in the Corporation's account at Midwest Bank was a direct result of these unauthorized payments, which were fraudulently kept from Plaintiff. Paragraphs 16-48, 50-54, and 56-57 of Plaintiff's Complaint are incorporated herein by this reference.

10

6302072_1_885509

3. Defendants' claims are therefore barred by estoppel by fraud.


WHEREFORE, Plaintiff, Carol M. Gordon, prays that the Counterclaims of Defendants be dismissed, and that the Court grant Plaintiff her costs and such other relief as deemed appropriate in accordance with applicable rules of law and equity.


Carol M. Gordon,

By  /s/ Max Kanter
     Attorney for Plaintiff

Gregg I. Minkow
ARDC # 6181058
Max J. Kanter
ARDC # 6286539
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL  60601-1081
(312) 704-3000

6302072_1_885509