IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL M. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 1373 |
| v. | ) | |
| | ) | Hon. Judge Joan B. Gotschall |
| ILENE LARSON, JEANNE SHILTS, | ) | |
| And GL REHABILITATION | ) | JURY DEMANDED |
| SERVICES, LTD., an Illinois | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR REMAND**

Defendants ILENE LARSON, JEANNE SHILTS, and GL REHABILITATION SERVICES, LTD., by their attorneys, H. Dale Peterson and Susan B. Parsons of Stroud, Willink & Howard, LLC, submit this memorandum of law in opposition to Plaintiff's Motion for Remand to the Circuit Court. For the reasons set forth herein, Plaintiff's motion should be denied and GL Rehabilitation Services, Ltd. should be dismissed from the Complaint.

**PROCEDURAL POSTURE**

On February 7, 2008, Plaintiff commenced an action in the Circuit Court of Cook County, Illinois, against Defendants, seeking declaratory judgment and rescission of a release dated January 1, 2008 and signed by Plaintiff ("Release"); and pursuing claims for breach of warranty, breach of fiduciary duty, fraud, and conversion.

1

On March 7, 2008, Defendants filed a timely Notice of Removal in this Court. On March 10, 2008, Defendants filed their Answer and Counterclaims in this Court, asserting counterclaims for breach of contract and breach of express warranty.

On March 31, 2008, Plaintiff filed a Motion for Remand to the Circuit Court.

## ARGUMENT

### I. GL Rehabilitation Services, Ltd. is Not a Proper Party to this Action and Was Fraudulently Joined

This case involves a dispute over financial liabilities arising under a Stock Purchase Agreement ("Agreement") executed as of December 31, 2007 by Carol M. Gordon, as seller, and Ilene Larson ("Larson") and Jeanne Shilts ("Shilts"), as buyers. (Ex. A to Plaintiff's Motion for Remand at Ex. A.) The Agreement provided for the sale of all of the issued and outstanding shares of stock in GL Rehabilitation Services, Ltd. ("GL Rehabilitation") from seller to buyers. GL Rehabilitation was not a party to the Agreement. Both buyers and sellers executed the Agreement in their individual capacities, and not as agents of GL Rehabilitation.

Plaintiff is domiciled in the state of Illinois. GL Rehabilitation is an Illinois corporation and Defendants Larson and Shilts are domiciled in Wisconsin. GL Rehabilitation is not a proper party to this action, and was joined "solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (citing *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). As such, the citizenship of GL Rehabilitation must be disregarded for purposes of determining jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441(b) on the ground that the joinder of said Defendant was "sham and fraudulent," done for the sole purpose of preventing removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

Defendants recognize that they have a "heavy burden" in proving fraudulent joinder, but assert that they have met that burden here. *Poulos v. Naas Foods*, 959 F.2d 69, 73 (7th Cir. 1992).

The allegations in Counts I, II, and III are directed at Defendants Larson and Shilts as buyers under the Agreement. An examination of the Agreement makes it clear that there is no "reasonable possibility that a state court would rule" against GL Rehabilitation, the non-diverse defendant. *Poulos*, 959 F.2d at 73. (Ex. A to Plaintiff's Motion for Remand at Ex. A.)

Count I seeks a declaration as to which corporate obligations of GL Rehabilitation are the responsibility of Plaintiff. Upon execution of the Agreement, Plaintiff, in her individual capacity, agreed to be responsible for payment of almost all pre-closing obligations of GL Rehabilitation including, without limitation, salaries and wages of employees through Dec. 28, 2007 and "any and all other financial liabilities of the Corporation, which arose, or were incurred, on or before the Closing date," which was December 31, 2007. (Ex. A to Plaintiff's Motion for Remand at Ex. A, ¶6.) Defendants Larson and Shilts, in their individual capacities, agreed to be responsible for FICA, Medicare, Social Security, FUTA, and SUTA from the 4th Quarter of 2007, IRA contributions for 2007, and "all salaries and wages, and the payroll taxes related thereto," incurred on or after December 29, 2007, and for the payment of "any and all other liabilities which are incurred after the Closing Date." (*Id.* at ¶¶5, 6.)

In order to grant Plaintiff the declaratory relief she seeks in Count I, the Court need look no further than the language of the Agreement, which unambiguously provides that the obligations contained therein are the responsibilities of the Plaintiff and of Defendants Larson and Shilts, not of GL Rehabilitation. When an agreement's provisions are unambiguous, the court ascertains the parties' intent from the language of the agreement. *First Bank and Trust Co. of Illinois v. Village of Orland Hills*, 338 Ill. App. 3d 35, 40, 787 N.E.2d 300, 304-305 (1st Dist. 2003). A court will neither add language or matters to a contract about which the instrument itself is silent, nor add words or terms to an agreement to change the plain meaning of the parties as expressed in the agreement.

3

*Sheehy v. Sheehy*, 299 Ill. App. 3d 996, 1001, 702 N.E.2d 200, 204, 234 (1st Dist. 1998). A court need not and cannot make a finding against GL Rehabilitation as to Claim I because GL Rehabilitation, as an entity, did not agree to assume any obligations under the Agreement. The obligations of GL Rehabilitation were a subject matter of the Agreement, and were expressly allocated between seller and buyers.

Neither is GL Rehabilitation a necessary and proper party to Plaintiff's Count II, for rescission. Plaintiff seeks to rescind the Release which she signed releasing the Defendants, including GL Rehabilitation. Whether Plaintiff is successful or unsuccessful with her rescission claim will not trigger or implicate liability vis a vis GL Rehabilitation: if Plaintiff is successful with her claim, the Release would be rescinded and she would be restored any claims she has against GL Rehabilitation. GL Rehabilitation would not be vested with claims against Plaintiff.

The Defendants maintain that the Release is valid and enforceable, that Plaintiff signed it knowingly and willingly, and that it and was not procured by fraud. Plaintiff cites *Gavery v. McMahon & Elliott*, 283 Ill. App. 3d 484, 489, 670 N.E.2d 822, 826 (1st Dist. 1996) in support of her argument that the Release is unenforceable because there was no consideration for it. Plaintiff's citation to *Gavery* is inapposite. In *Gavery*, the plaintiff sought to rescind a release because, he argued, it applied to claims not contemplated by the parties at the time it was entered. *Id.* at 487. In *Gavery*, the parties signed a release very similar to the one that Plaintiff signed, in which they agreed to "waive any and all claims they may have against each other arising out of the [Snap-on] Dealership terminated by this Agreement." *Id.* at 488. The Court rejected plaintiff's argument and held that the release was unambiguous and enforceable.

Plaintiff's argument that the Release lacked consideration is likewise unpersuasive. Defendants Larson and Shilts paid Plaintiff $100,000 as consideration for the GL Rehabilitation

4

shares they purchased pursuant to the Agreement and agreed to assume and pay certain other obligations and expenses. Plaintiff in turn agreed to pay GL Rehabilitation's pre-closing obligations under the Agreement. Consideration on the part of GL Rehabilitation was unnecessary, as GL Rehabilitation was not a party to the Agreement. *See Merchants Loan and Trust Co. v. Ummach*, 228 Ill. App. 67, 1923 WL 3153, *6 (1st Dist. 1923)(stating that where one party makes a contract with another for the benefit of a third person, "it is not necessary that any consideration shall have moved from the third party to the promisor. The consideration moving from the promisee is sufficient"). Even if the Release fails and Plaintiff is entitled to relief, her recourse would be against Defendants Larson and Shilts, as individual buyers under the Agreement, and not against GL Rehabilitation.

     Plaintiff argues that GL Rehabilitation needs to be joined as a defendant so that, if Plaintiff is successful with her claims, Plaintiff will not later be faced with the same claims asserted by GL Rehabilitation. This is not a persuasive argument because if Plaintiff is successful with her claim, the Release would be rescinded and Plaintiff would be freed from the terms of the Release. However, she has no valid claims against GL Rehabilitation, as discussed at length herein. Plaintiff's "claims preclusion" argument is nothing but a red herring because under the Agreement itself and under the law, GL Rehabilitation has no claims against Plaintiff with respect to the bills and obligations set forth in the Agreement. The rights of the parties to a contract "are limited by the terms expressed in the contract, and a court may not rewrite a contract to suit one of the parties, but must enforce the terms as written." *In re Estate of Morrow*, 150 Ill. App. 3d 500, 505, 501 N.E.2d 998, 1002 (2nd Dist. 1986). If this "claims preclusion" façade were allowed to be pursued, diversity jurisdiction could be undermined in every case by joining a non-diverse party, added for the purported purpose of

extinguishing non-existent claims. GL Rehabilitation has no claims against Plaintiff and, therefore, is not a proper party to this action.

Plaintiff also fails to state a claim on the basis of *respondeat superior*. Defendants Larson and Shilts acted on their own behalf, and not as agents of GL Rehabilitation, when they negotiated and entered into the Agreement, and when they performed the terms of the Agreement. *See Peddinghaus v. Peddinghaus*, 314 Ill. App. 3d 900, 905, 733 N.E.2d 797, 801(1st Dist. 2000)(affirming summary judgment for defendant on count of respondeat superior, where defendant negotiated and entered purchase agreement on his own behalf and not as an agent). Any possibility of recovery by Plaintiff lies in contractual and warranty claims based on the Agreement, and not on the basis of agency.

Plaintiff likewise cannot recover against GL Rehabilitation under Count III, for breach of warranty, breach of fiduciary duty, and fraud, because the allegations therein are directed solely at Ilene Larson. Count III alleges no actions or wrongdoing by GL Rehabilitation and seeks no relief from GL Rehabilitation. GL Rehabilitation was fraudulently joined as a defendant solely to prevent federal diversity jurisdiction. *Schwartz*, 174 F.3d at 878. Therefore, this court should deny Plaintiff's Motion for Remand.

**II.    Plaintiff Cannot Prevail on her Claim for Conversion Against GL Rehabilitation**

The pleadings and their corresponding exhibits make it clear that there is no reasonable possibility that a court could rule against GL Rehabilitation as to Plaintiff's Count IV for conversion. *Poulos*, 959 F.2d at 73. To establish a claim for conversion, a plaintiff must establish that he or she (1) has a right to the property; (2) has an absolute and unconditional right to the immediate possession of the property; (3) made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Film & Tape Works, Inc. v. Junetwenty Films, Inc.*, 368 Ill. App. 3d 462, 475, 856 N.E.2d 612, 623 (1st Dist. 2006).

The Court need look no further than the plain language of the Agreement, which was attached as Exhibit A to Plaintiff's Complaint, to see that Game Ready is an asset of GL Rehabilitation and that Plaintiff cannot establish that she has a right to Game Ready. *Premier Title Co. v. Donahue*, 328 Ill. App. 3d 161, 164, 765 N.E.2d 513, 516 (2nd Dist. 2002) (stating that "when the language of a contract is clear, a court must determine the intent of the parties solely from the plain language of the contract.")  Paragraph 4 of the Agreement lists the specific items of property which Plaintiff, as the seller, was entitled to retain and which the buyers, Larson and Shilts, were not entitled to acquire in the sales transaction.  Game Ready was not listed as one of such assets excluded from the sale.  Plaintiff therefore cannot claim conversion because she has failed to establish that she has an absolute and unconditional right to Game Ready.  Furthermore, at closing Plaintiff signed a Release with respect to buyers and GL Rehabilitation with full knowledge that Game Ready remained with the buyers, just as provided in the Agreement.

Even if Plaintiff could establish that she had an absolute and unconditional right to Game Ready, she cannot establish that Defendants assumed control, dominion, or ownership over the property. *Film & Tape Works, Inc.*, 368 Ill. App. 3d at 475.  Plaintiff asserts that she sent a note to Ilene Larson asking for the return of Game Ready.  (Exhibit E to Plaintiff's Motion for Remand.)  This note is dated January 17, 2008, more than two weeks after the Closing Date.  Defendants never refused to give Game Ready back to Plaintiff.  Defendants have told Plaintiff that she can have Game Ready back at any time.  (*See* Exhibit B to Defendant's Notice of Removal.)  Retaining possession of Game Ready lacks sufficient importance to Defendants and Defendants won't permit Plaintiff to *manufacture* a bogus claim against GL Rehabilitation and undermine diversity of citizenship in this lawsuit.

Plaintiff's conversion claim against GL Rehabilitation for the return of Game Ready was indeed nothing more than a "game." The conversion claim is refuted by the express terms of the Agreement and the Release that Plaintiff signed. GL Rehabilitation was joined as a defendant "solely for the purpose of defeating federal diversity jurisdiction" and, accordingly, Plaintiff's Motion for Remand must be denied. *Schwartz,* 174 F.3d at 878 (citing *Gottlieb*, 990 F.2d at 327).

### III. This Court Should Deny Plaintiff's Request for Attorneys' Fees and Costs

Plaintiff has requested that, in the event the Motion for Remand is granted, this Court award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). In the event the Court does remand this case, defendants urge this Court to deny Plaintiff's request for fees and costs. As the Supreme Court stated in *Martin v. Franklin Capital Corporation et al.*, 546 U.S. 132, 136 (2005), "Section 28 1447(c)…provides that a remand order 'may' require payment of attorney's fees—not 'shall' or 'should.'" It is within the court's broad discretion to award fees and costs, and "only when such an award is just." *Id.* at 138. The Seventh Circuit Court of Appeals has followed the *Martin* court's holding that, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id. See also Lott v. Pfizer*, 492 F.3d 789, 792-794 (2007). In fact, "the courts in the Northern District of Illinois have routinely denied such awards where the removal involves 'complex issues' or raises a 'substantial jurisdictional question.'" General *Elec. Railcar Serv. v. Nat'l Steel Car Ltd.*, No. 04 C 3043, 2004 WL 2392104, *4 (N.D. Ill. Oct. 25, 2004) (quoting *Sirotzky v. New York Stock Exch.*, No. 02 C 0970, 2002 U.S. Dist. LEXIS 14315, *2 (N.D. Ill. Aug. 5, 2002)).

Plaintiff is incorrect in asserting that Defendants had to "distort the Complaint" in order to file a Notice of Removal. (Plaintiff's Motion for Remand at ¶31.) Defendants have an "objectively reasonable basis" for seeking removal, as expounded in the arguments above, and Plaintiff cannot

demonstrate any "unusual circumstances" justifying the award of costs and fees. *Martin,* 546 U.S. at 138; *Cincinnati Ins. Co. v. Production Design Prod., Inc.*, 06 CV 915, 2007 WL 1021975, *7 (S.D. Ill. April 3, 2007)(denying plaintiff's request for attorneys fees and costs where plaintiffs could not demonstrate unusual circumstances). As discussed above, it is abundantly clear that GL Rehabilitation was joined as a party for the tactical purpose of precluding diversity: the Agreement conveyed ownership of GL Rehabilitation from seller to buyers and allocated responsibility for payment of its obligations between seller and buyers. Plaintiff confirmed in the Agreement that she had no claims against GL Rehabilitation and released all claims in the Release she signed. Yet, despite these indisputable facts, Plaintiff asks for remand and the award of attorneys' fees and costs. Such a financial reward should not be given, especially since defendants have advanced "reasonable arguments in favor of removal." *Holmstrom v. Harad*, No. 05 C2 714, 2005 WL 1950672, *3 (N.D. Ill. August 11, 2005) (denying plaintiff's motion for costs and fees). This Court has held that a defendant's conduct in seeking removal was not unreasonable, even where specific allegations were made in the Complaint against the non-diverse defendants and their individual wrongdoings. *McDaniel v. Synthes, Inc.*, No. 2:07 CV 245RM, 2007 WL 3232186, *3-4 (N.D. Ill. Oct. 29, 2007)(denying plaintiff's claim for fees and costs pursuant to U.S.C. § 1447(c)). "The test is whether the relevant case law clearly foreclosed the defendant's basis of removal[.]" *Pfizer*, 492 F.3d at 794. Defendants have supported their Notice of Removal with ample case law and factual support, such that an award of attorneys' fees and costs is in inappropriate in this case.

## **CONCLUSION**

Defendants ILENE LARSON, JEANNE SHILTS, and GL REHABILITATION SERVICES, LTD., request that this Court enter an order denying Plaintiff's motion, dismissing GL Rehabilitation Services, Ltd. from the Complaint, and denying Plaintiff's request for costs and fees.

9

Dated this 6th day of June, 2008.

        STROUD, WILLINK & HOWARD, LLC

        /s/Susan B. Parsons
        H. Dale Peterson
        Susan B. Parsons
        Attorneys for Defendants Ilene Larson, Jeanne Shilts, and GL Rehabilitation Services, Ltd.
        ARDC # 6282963
        25 West Main Street, Suite 300
        Madison, WI 53701
        sparsons@stroudlaw.com
        (608) 257-2281